UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-4166 PA (JCx) | Date | July 13, 2022 |
|---|---|---|---|
| Title | Crosswinds Int'l Inc. v. HSIN Silk Road Shipping Ltd., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS

    Before the Court is an Ex Parte Application for Order Shortening Time ("Ex Parte Application") filed by plaintiff Crosswinds International Inc. ("Plaintiff") (Docket No. 13). Plaintiff seeks to have its Motion for Issuance of Warrant of Arrest and Setting Security and Releasing Cargo ("Motion for Issuance of Warrant") (Docket No. 12) heard on an expedited schedule.

    This is not the first time that Plaintiff's counsel has filed an Ex Parte Application in one of the related cases assigned to this Court. According to the Complaint in this action, the parties have been disputing the release of the subject cargo since at least March 23, 2022. Plaintiff did not commence this action until June 16, 2022, and did not file its Motion for Issuance of Warrant until July 8, 2022. This delay of more than three months does not support Plaintiff's invocation of ex parte relief. See Mission Power Eng'g Co. v. Continental Cas. Co., 883 F. Supp. 488, 492 (C.D. Cal. 1995) (explaining that "it must be established that the moving party is without fault in creating the crisis that requires ex parte relief."); see also id. ("[An ex parte application] must show why the moving party should be allowed to go to the head of the line in front of all other litigants and receive special treatment.").

    Additionally, according to the Ex Parte Application, counsel for defendants does not oppose either the Ex Parte Application or the issuance of the warrant of arrest, and the parties agree that the posting of a $600,000 bond provides adequate security for the release of the subject cargo. It therefore appears that neither the Ex Parte Application nor the Motion for Issuance of Warrant are necessary, and that all of the relief Plaintiff requests could have been obtained through a stipulation of the parties. By failing to present the Court with such a stipulation, and instead filing an unnecessary Ex Parte Application and an unnecessary Motion, the parties have unnecessarily taxed the Court's limited resources.

    Nevertheless, because the Ex Parte Application is unopposed, the Court will, on this occasion, grant the Ex Parte Application. Defendants HSIN Silk Road Shipping Ltd. and HSIN

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-4166 PA (JCx) | Date | July 13, 2022 |
|---|---|---|---|
| Title | Crosswinds Int'l Inc. v. HSIN Silk Road Shipping Ltd., et al. | | |

Silk Road Shipping USA, Inc. (collectively "Defendants") shall file their Opposition to the Motion for Issuance of Warrant, if any, by no later than Thursday, July 15, 2022, at 12:00 p.m. Plaintiff's Reply, if any, shall be filed by Friday, July 16, 2022, at 12:00 p.m.  After that day and time, the Court will deem the matter under submission and notify the parties once it has ruled on the Motion or if it requires oral argument.  Plaintiff shall immediately notify Defendants of this Order and the briefing schedule and shall file a Proof of Service establishing such notice by no later than July 14, 2022.  The Court cautions the parties and their counsel that the Court will not continue to entertain unnecessary Ex Parte Applications that do not satisfy the requirements for such applications, and the continued reliance on such procedures, as well as violations of the Federal Rules of Civil Procedure, the Local Rules, and the Court's Orders may subject the offending party and counsel to the imposition of sanctions.

IT IS SO ORDERED.