## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 22-4166 PA (JCx) | | Date | October 25, 2022 |
|---|---|---|---|---|
| Title | Crosswinds Int'l Inc. v. HSIN Silk Road Shipping Ltd., et al. | | | |

Present: The Honorable   PERCY ANDERSON, UNITED STATES DISTRICT JUDGE

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|

**Proceedings:**            IN CHAMBERS - COURT ORDER

On July 26, 2022, plaintiff Crosswinds Int'l Inc. ("Plaintiff") filed a Request for Clerk to Enter Default of defendant HSIN Silk Road Shipping USA, Inc. ("HSIN USA"). The Clerk entered HSIN USA's default on July 27, 2022. On September 28, 2022, the Court issued a Minute Order directing the Clerk to enter the defaults of defendant HSIN Silk Road Shipping Ltd. ("HSIN Hong Kong") and in rem defendant "A Cargo of Commercial Goods Transported from Ningbo, China to Los Angeles, California, pursuant to Bills of Lading Nos. HSRNGB2021030022, HSRNGB2021030023, HSRNGB2021030025, HSRNGB2021030026, HSRNGB2021030027, and HSRNBG2021030061A dated and shipped on board on October 7th 2021 ("In Rem Defendant"). The Clerk entered the defaults of HSIN Hong Kong and the In Rem Defendant on September 28, 2022.

In the Court's September 28, 2022 Minute Order, the Court ordered Plaintiff to file a Motion for Default Judgment or other dispositive motion by no later than October 24, 2022. The Court warned Plaintiff that "[f]ailure to file a dispositive motion by that date may, without further warning, result in the dismissal of this action." As of today's date, and despite the expiration of the deadline to do so, Plaintiff has not filed a Motion for Default Judgment.

The Court may dismiss with prejudice an action or claim sua sponte if "the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order." See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962) (dismissal for failure to prosecute); Yourish v. Cal. Amplifier, 191 F.3d 983, 987–88 (9th Cir. 1999) (dismissal for failure to comply with court order). This inherent power supports the orderly and expeditious disposition of cases. See Link, 370 U.S. at 629-30; Yourish, 191 F.3d at 987-88; Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992).

In Henderson v. Duncan, the Ninth Circuit set forth five factors for a district court to consider before resorting to the penalty of dismissal: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-4166 PA (JCx) | Date | October 25, 2022 |
|---|---|---|---|
| Title | Crosswinds Int'l Inc. v. HSIN Silk Road Shipping Ltd., et al. | | |

defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions."  779 F.2d 1421, 1423 (9th Cir. 1986).  Dismissal is appropriate "where at least four factors support dismissal, or where at least three factors 'strongly' support dismissal."  Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (internal citations omitted) (citing Ferdik, 963 F.2d at 1263).  Cases involving sua sponte dismissal warrant special focus on the fifth Henderson factor.  Id.

Here, an evaluation of the Henderson factors ultimately weighs in favor of the Court's decision to dismiss Plaintiff's claims.  In assessing the first Henderson factor, the public's interest in expeditious resolution of litigation will be satisfied by dismissal.  See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Yourish, 191 F.3d at 990 ("[t]he public's interest in expeditious resolution of litigation always favors dismissal.")).  Relatedly, with respect to the second factor, the Court's need to manage its docket will be served by dismissal.  See id. ("The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest.").  The third Henderson factor at least marginally favors dismissal because the defendant may be further prejudiced unless the claims against him are dismissed.  See Yourish, 191 F.3d at 991.  Finally, in considering the fourth and fifth Henderson factors, the Court notes that Plaintiff was warned about the consequences of failing to file a response by the deadline stated in the Court's Order.  Nevertheless, Plaintiff has taken no action whatsoever.  Because the Court has adopted the "less-drastic" sanction of dismissal without prejudice, the fifth Henderson factor favors dismissal.  See McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996) (district court should first consider less drastic alternatives to dismissal with prejudice).

The Court finds that Plaintiff has abandoned this action and failed to comply with the Court's Order.  The Court therefore dismisses Plaintiff's claims without prejudice for lack of prosecution and for failure to comply with a Court order.  See Fed. R. Civ. P. 41(b); see also Yourish, 191 F.3d at 986-88; Ferdik, 963 F.2d at 1260.  The Court vacates its July 15, 2022 Order conditioning the release of the In Rem Defendant on the posting of a $600,000.00 surety bond and releases the bond (Docket Nos. 16 & 20).

IT IS SO ORDERED.